quest. I don't remember the date; it has been ten days or two weeks ago. It was after the arrest of Mr. Lewis. Her organs showed every evidence of not being a virgin." On cross-examination: " Well, she was a woman, as well as I could know a thing, who had been cohabited with quite a number of times. . . The vagina was all dilated and in a shape that you would commonly find women who had been cohabited with quite a good deal. I don't know whether it was done by a man, or whether she did it by masturbation, or what process it was done through; but that vagina had been use [used] right frequently for that purpose. . . I could not tell whether it had been recently or not. . Her general indication was that she had been frequently in that condition."

W. B. Kiser testified: " I am chief of police of Bibb City, and employment man. I know Mr. A. L. Lewis. I had occasion to arrest him when his daughter reported the trouble she was having with her father. I don't remember the exact date; it was on Friday. I believe it was Friday. She bore a very troubled appearance, and had been bearing it for sometime. I noticed that her eyes were red and showed sign that she had been crying and was in some trouble, and I sent to her overseer, who is Mr. Hartz, and discussed the matter. She made the complaint to me about noon, and I arrested the defendant after stopping time. . . it was possibly 5:30 when I arrested him."

*J. B. Hoyl,* for plaintiff in error.

*George M. Napier, attorney-general, W. R. Flournoy, solicitor-general, Seward M. Smith, assistant attorney-general,* and *C. F. McLaughlin,* contra.

---

ELVERSON *v.* SMITH *et al.*

RUSSELL, C. J. Under the evidence in the record the trial judge did not err in refusing the injunction prayed for.

*Judgment affirmed. All the Justices concur.*

No. 3571. NOVEMBER 27, 1923.

Petition for injunction. Before Judge Highsmith. Glynn superior court. December 13, 1922.

Hattie Jones Elverson filed an equitable petition against Samuel Smith, Elverson Smith, Georgia Smith, Mamie Floyd, and W. C.

Little, in which she alleged substantially as follows: In April, 1920, the defendants (with the exception of Little) filed a petition in ejectment against the plaintiff, in which they asserted their claim to certain real estate in her possession. The jury trying said ejectment suit returned a verdict in favor of the plaintiffs therein for the property in dispute. At the time of the institution of said action petitioner was in possession of the real estate described, holding the same as the sole heir at law of Tom Elverson, deceased, through whom Samuel Smith, Elverson Smith, Georgia Smith, and Mamie Floyd claimed title; petitioner contending at that time that she was the widow of Tom Elverson, who died intestate, and that she took possession of said estate as his sole heir at law, without administration. In November, 1916, she entered into a ceremonial marriage with Tom Elverson; but the defendants (plaintiffs in the ejectment suit) contended that this marriage was void, as petitioner still had a living husband, and that therefore they were entitled to said property as the next of kin and only heirs at law of Tom Elverson. After the rendition of said adverse verdict petitioner filed a motion for new trial; the same was over-ruled, and on her exception to the Supreme Court the judgment of the lower court was affirmed (*Elverson* v. *Smith*, 154 *Ga.* 324, 114 S. E. 196). In the purchase of the real estate referred to, Tom Elverson used large sums of money belonging to the petitioner; this money was paid on the purchase-price of the property then held under bonds for title, and in order to complete the payments Tom Elverson obtained these moneys from petitioner, completed the payments under the contracts, and took title to the property in himself. In addition to the sums so advanced by petitioner, other large sums were expended by her at the request of Tom Elverson, for taxes, insurance premiums, and the improvement of the property, and extensive improvements were made on the property with money belonging to her, and this money was her separate estate and property. After the death of Elverson, she, believing herself the lawful wife of the deceased, and as such entitled to take and hold the property of his estate after the payment of his debts, proceeded to pay all the debts of the deceased, doctor bills, medicine bills, funeral expenses, taxes, insurance, and other items of that nature; and since the death of Elverson she has continued to pay taxes, insurance, and other upkeep of the property out

of her own private funds; and she is entitled to repayment out of the property of Elverson for such outlays. She having taken possession of the property under the honest impression that she was the widow and sole heir at law of the deceased, as well as the beneficial owner of interests in certain portions of the property, the payments of which were completed by her under agreements with Elverson for the advance of her separate funds and money in order to gain title in himself, she is entitled to a judgment against the property and the establishment of her lien and claim in equity against the property, in advance of the relinquishment of said property to the said heirs at law. The heirs at law being insolvent, and there being a mortgage on the property executed by them pending the ejectment proceedings, the interposition of a court of equity is necessary in order to restrain the heirs at law from conveying their interest in the property and their attorney (Little) from foreclosing his mortgage on the same, thus creating a cloud upon the title and interest of the petitioner. At the time the mortgage was given there were no creditors of the estate save the petitioner; and therefore she has the right as a creditor, if not as the reputed wife, to establish her rights in the property growing out of the advancement of her separate property and money to pay off and discharge the unpaid purchase-money on the property held under bonds for title; and she is entitled to a judgment and an accounting between the parties, definitely determining her rights in the premises. She prays for injunction, temporary restraining order enjoining the parties from changing the status quo, prevention of the issuance of the writ of possession in the ejectment suit and ouster from the premises, sale of the property, and such other and further relief, including a judgment establishing her lien, as the exigencies of the case may require.

The defendants filed general and special demurrers to the petition. In their answer they admit that the petitioner is in possession of the described property, but deny that she holds same as the heir or wife of Tom Elverson and that she has any claim of title thereto. For want of sufficient information they are unable either to admit or deny the allegations as to payment of the sums claimed to have been advanced by her. They assert that her possession is wrongful and in violation of their legal rights as heirs at law of Tom Elverson. W. C. Little admits the making of the mortgage,

but denies that it is any cloud upon the title, and says that it is a bona fide and lawful encumbrance upon the property and was made and accepted in good faith. Defendants deny that an accounting is necessary, " And for further answer, the defendants respectfully bring to the court's attention the fact that the plaintiff herein is still in possession of the property in dispute; that she is occupying one of the houses as a dwelling-house and another as a store, for neither of which she is paying any rent; that another of the houses is being rented by her and the rents thereof being collected and applied to her account; that the plaintiff is utterly insolvent and unable to respond in damages to these defendants or to answer any judgment which might be gotten against her in this connection. And the defendants pray therefore, that, if in the judgment of your honor the plaintiff's injunction should be made permanent, that the court's most gracious writ of injunction may issue against the plaintiff, restraining and enjoining her from collecting any further rents upon the house which she is renting, requiring her to pay rent upon the house in which she is living, and the building in which she operates a store, and that a receiver be appointed to collect the rents accruing from said property during the pendency of this litigation." The trial judge considered the case upon the record, without argument, the record consisting, as recited in the bill of exceptions, of the original petition, affidavit of Hattie Jones Elverson supporting her petition, plaintiff's motion to strike defendants' answer, the answer of the defendants, the general demurrer, the special demurrer and the motion to dissolve the injunction. Thereafter the judge entered his order as follows: " Upon consideration, injunction sought in within case is denied, and restraining order revoked." To this ruling the petitioner excepted.

*Isaac & Isaac,* for plaintiff. *W. C. Little,* for defendants.

---

## CITIZENS BANK *v.* JENKINS.

Under the statutes of this State, entry of an execution on the general execution docket of a county in which land of the defendant is located, other than the county in which the judgment was obtained or the county in which the defendant resided at the commencement of the suit,